# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### TYLER DIVISION

| | | |
|---|---|---|
| CHARLES WILLIAMS | § | |
| v. | § | CIVIL ACTION NO. 6:10cv182 |
| DIRECTOR, TDCJ-CID | § | |

### MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Charles Williams, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Williams pleaded guilty to the offense of driving while intoxicated on November 2, 2009, receiving a sentence of 25 years in prison. He did not take a direct appeal, but sought state habeas corpus relief, which was denied without written order on March 17, 2010.

In his federal petition, Williams complained that his plea of guilty was involuntary, he received ineffective assistance of counsel when his retained attorney failed to interview witnesses, his sentence is illegal because there was no evidence to support the charge of driving while intoxicated, and certain evidence was tampered with. The Magistrate Judge directed an answer from the Respondent, and Williams has filed a reply to the answer.

After review of the pleadings and the state court records, the Magistrate Judge issued a Report recommending that the petition be dismissed. The Magistrate Judge concluded that: Williams' assertion that he was told that he would receive life in prison if he went to trial did not

render his plea of guilty involuntary; his retained counsel's alleged failure to interview witnesses did not affect the validity of his plea, which was given some six weeks after retained counsel's representation of him had terminated; the state courts had no constitutional duty to establish a specific factual basis for the guilty plea and so his challenge to the sufficiency of the evidence was waived by his entry of the guilty plea; and any tampering with the police videotape which may have occurred did not render the guilty plea unknowing or involuntary. The Magistrate Judge thus recommended that Williams' petition be dismissed and that he be denied a certificate of appealability *sua sponte*.

Williams filed objections to the Magistrate Judge's Report on December 2, 2010. In his objections, Williams first complains that two pages were missing from his state habeas petition. He says that the state's attorney admitted in open court that there was no evidence to support the conviction and says that under Texas law, the judgment of guilt in a felony case must be supported by evidence even when a guilty plea is entered. Williams complains that Tonda Curry, his retained counsel, did nothing for him except take his money, and that she and her paralegal Ryan Helms lied to him repeatedly. He also says that O.W. Loyd, the attorney appointed to represent him after Curry withdrew, lied to him about talking to the D.A. about getting some of the enhancement paragraphs removed, and told him that he would get a life sentence if he did not take the 25 year offer. He also says that he tried to get Loyd to argue his motion to dismiss but Loyd refused, saying that he "was not going to argue anything from any jail house lawyer." Williams attaches a number of exhibits, including letters to Curry, the last page of the offense report, and the motion to dismiss that he wanted argued.

None of Williams' objections show that his plea of guilty was unknowing or involuntary. His contention that "the state's attorney admitted in open court that there was no evidence" is not supported by the record, and the Magistrate Judge correctly determined that there is no federal constitutional requirement for state courts to establish a factual basis for a guilty plea prior to its acceptance unless the judge has specific notice that such an inquiry is needed. In addition, the

Magistrate Judge said, no federal constitutional issue is raised by the failure of a Texas court to require evidence of guilt corroborating a voluntary guilty plea. Even if Loyd told him that he would talk to the prosecutor about having some enhancement paragraphs removed and then did not do so, Williams offers nothing to show that his plea of guilty was involuntary.

Williams also discusses two pages being missing from his state habeas petition, saying that he was told by an attorney that he should go to the FBI because "a crime was committed." Even if two pages were missing from his state habeas petition, Williams has not shown that this would implicate the validity of his guilty plea. The Fifth Circuit has held that errors and deficiencies in state habeas proceedings cannot form the basis of relief in a federal habeas application. Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir. 1999). Williams' objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the Petitioner's application for habeas corpus relief, the answer filed by the Respondent, the Petitioner's reply thereto, the state court records, and all other pleadings and documents in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are OVERRULED and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that the Petitioner Charles Williams is hereby DENIED a certificate of appealability *sua sponte*. Finally, it is

ORDERED that any and all motions which may be pending in this civil action are hereby DENIED.

**SIGNED this 8th day of December, 2010.**

MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE